# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Reissued for Public Availability Date: October 25, 2023

```
* * * * * * * * * * * * * * * * * * * * * * * *
JOSEPH SCOTT VANCUREN            *
                                 *
             Petitioner,         *      No. 21-2075V
                                 *      Special Master Christian J. Moran
v.                               *
                                 *      Filed: October 2, 2023
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
             Respondent.         *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Joseph Scott VanCuren, *pro se*, Peabody, KS, for petitioner;
Matthew Murphy, United States Dep't of Justice, Washington, D.C., for
respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1][2]

Joseph VanCuren sought compensation through the Vaccine Program.  42
U.S.C. § 300aa-10 through 34 (2012).  Mr. VanCuren, however, appears not to be

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case,
it must be made publicly accessible and will be posted on the United States Court of Federal
Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in
accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal
Management and Promotion of Electronic Government Services). This means the Decision will
be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the
parties have 14 days to identify and move to redact medical or other information, the disclosure
of which would constitute an unwarranted invasion of privacy.  Any changes will appear in the
document posted on the website.

[2] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on October 2, 2023,
and the parties were afforded 14 days to propose redactions.  The parties did not propose any
redactions.  Accordingly, this Decision is reissued in its original form for posting on the Court's
website.

interested in continuing the litigation as he has not responded to orders.  Because Mr. VanCuren has not prosecuted his case, his case is DISMISSED.

I.      Procedural History

On October 26, 2021, Mr. VanCuren, representing himself, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et seq., alleging that he developed a neurological injury as a result of the influenza ("flu") vaccine he received on October 27, 2018.  See Petition.  Mr. VanCuren filed medical records, as required by 42 U.S.C. § 300aa-11(c), on July 7, 2022. The same day, Mr. VanCuren contacted chambers stating that he had another doctor appointment on July 21, 2022, and he planned to file medical records from that visit as well.  See Order, issued July 12, 2022.  Mr. VanCuren was ordered to file the records by August 22, 2022 but did not do so.  Id.  This deadline was extended twice.  Orders, issued Sept. 21, 2022 and Oct. 3, 2022.

After Mr. VanCuren failed to meet the third deadline, the undersigned ordered the Secretary to file a status report on the sufficiency of the medical records already filed.  Order, issued Oct. 12, 2023.  The Secretary stated that Mr. VanCuren had not yet provided proof that he received the flu vaccination, and requested that Mr. VanCuren be directed to file a vaccination record.  Resp't's Status Rep., filed Nov. 28, 2022.

Mr. VanCuren was ordered three times to produce this material, with the last order stating that Mr. VanCuren's failure to establish receipt of vaccination would result in an order to show cause as to why the case should not be dismissed. Orders, issued Nov. 29, 2022, Jan. 3, 2023, & Jan. 23, 2023.  Mr. VanCuren did not file proof of vaccination by the February 21, 2023 deadline.  Accordingly, an order to show cause by April 24, 2023 was issued.  Order, issued Feb. 23, 2023.

Mr. VanCuren did not file anything. Upon an additional review, it appeared that Mr. VanCuren had filed some evidence of vaccination in the submission he made on July 7, 2022.  Exhibit 1.  A different record also referred to a flu vaccination, although the dates were different.  Exhibit 2.  Thus, there was some evidence that Mr. VanCuren received a vaccination, although the evidence about the date of vaccination was inconsistent. The Secretary was ordered to file a status

report discussing the persuasiveness of the evidence regarding vaccination and his Rule 4(c) Report.  Order, issued April 27, 2023.

The Secretary argued that Mr. VanCuren had only submitted a billing record for the flu vaccine, not an actual record of administration.  Resp't's Status Rep., filed May 15, 2023.  The Secretary further noted that the other possible vaccination record was for a different flu vaccine on a different date.  Id.  In his Rule 4(c) Report, the Secretary reiterated his position that the vaccination record was unclear, and argued that Mr. VanCuren's neurological symptoms were caused by cervical disk herniation, severe spinal stenosis, and spinal cord conditions rather than the alleged flu vaccination.  Resp't's Rep. at 1-5.

The undersigned scheduled a status conference for June 27, 2023, to discuss the next steps of the case.  Order, issued June 14, 2023.  Mr. VanCuren was served with this order and was sent instructions on how to call in, but did not attend the status conference.  Mr. VanCuren was ordered to file a status report demonstrating his interest in continuing this case within 30 days, or by July 28, 2023.  Order, issued June 28, 2023.  It was noted that, if Mr. VanCuren did not file a status report by the deadline, an order to show cause would be issued.  Id.

Mr. VanCuren was ordered to show cause why his case should not be dismissed by September 25, 2023.  The order permitted Mr. VanCuren to file an affidavit stating his intent to remain in the program and fully prosecute his case.  Order, issued Aug. 25, 2023.  Mr. VanCuren did not file an affidavit, and has not taken any action since filing his medical records on July 7, 2022.

II.     Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute their cases, the Court may dismiss their case.  Padmanabhan v. Sec'y of Health & Hum. Servs., 638 Fed. App'x 1013 (Fed. Cir. 2016); Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Here, three times, Mr. VanCuren was ordered to file his medical records. After missing a status conference, he was ordered twice to file an affidavit expressing his interest in maintaining the litigation.  Mr. VanCuren's persistent silence leads to a conclusion that he is no longer interested in pursuing the case. Therefore, his case is DISMISSED.  See B.K. v. Sec'y of Health & Human Servs., No. 17-1840V, 2020 WL 1888866 (Fed. Cl. Spec. Mstr. Feb. 12, 2020) (dismissing case pursuant to Vaccine Rule 21(b) due to petitioner's failure to respond to orders demonstrating an interest in maintaining the case); Woods v. Sec'y of Health & Human Servs., No. 10-377V, 2012 WL 2872290 (Fed. Cl. Spec. Mstr. June 14, 2012) (dismissing case due to petitioner's failure to prosecute).

While Mr. VanCuren's case is dismissed solely for his failure to express an interest in continuing the litigation, his case has significant weaknesses.  The primary problem is that Mr. VanCuren has not submitted sufficient evidence to establish that the flu vaccine caused his injury, nor that he ever received the flu vaccine.  If Mr. VanCuren were to continue to prosecute his case, he might have overcome these obstacles.  However, Mr. VanCuren's case is not being dismissed due to the weaknesses in his case, but for his failure to prosecute it.

**This case is dismissed for failure to prosecute.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master